**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **NICHOLAS HENRY,** ) <br> ) <br> **Defendant.** ) <br> ) | **Case No. 09-20153-01-CM** |

## MEMORANDUM AND ORDER

This case is before the court on defendant Nicholas Henry's Motion for Appointment of Counsel to assist him in filing a petition in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 61.) The government filed a response and construed defendant's motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 66.) This court construes defendant's motion as one filed under § 2255, and for the reasons set forth below, dismisses defendant's motion.

**I. Background**

On March 15, 2011, defendant pleaded guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to attempted murder of an officer of the United States in performance of the officer's duties, in violation of 18 U.S.C. §§ 1113 and 1114, and possession and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). As an appropriate disposition, the parties recommended that the court sentence defendant to a controlling term of 240 months. On June 27, 2011, the court accepted the recommendation and sentenced defendant in accordance with the plea agreement, which was a variance from the otherwise applicable guideline range of 324 to 405 months. Defendant did not appeal his conviction or sentence.

**II. Defendant's Waiver**

Within defendant's plea agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), 18 U.S.C. § 3582(c)(2), and a motion brought under Fed. R. Civ. P. 60(b)).  The government seeks to enforce this waiver as to defendant's claims challenging his sentence.

Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable.  *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (citing *Cockerham*, 237 F.3d at 1183).  The court, however, considers whether enforcing the waiver will result in a "miscarriage of justice."  *Id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

The Tenth Circuit recently addressed whether a *Johnson*-based sentencing challenge would result in a miscarriage of justice, and ultimately held that it did not.  *See Frazier-LeFear*, 665 F. App'x at 731–32 (10th Cir. 2016) (noting that the miscarriage of justice "exception is implicated only when the asserted legal error concerns the waiver itself, rather than some other aspect of the proceedings such as the determination of the defendant's sentence[] . . .").  Here, defendant agreed to relinquish his right to collaterally attack any sentence imposed in accordance with his Rule 11(c)(1)(C) plea agreement, which includes any challenge under *Johnson*.  *See id.* at 732 ("The fact that [Ms. Frazier-LeFear's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver.").

Defendant's *Johnson*-based challenge to his sentence under 18 U.S.C. § 924(c) is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver.  As such, it does not support a finding that enforcement of the waiver would result in a miscarriage of justice.  *See Frazier-LeFear*, 665 F. App'x at 732.  Defendant entered into his collateral-challenge waiver knowingly and voluntarily, and although the Supreme Court changed the law in *Johnson*, this change did not render

defendant's waiver itself unlawful. Consequently, the court enforces defendant's collateral-challenge waiver.

Even without the wavier, defendant would be ineligible for relief. Defendant was sentenced in accordance with his Rule 11(c)(1)(C) plea agreement. *See United States v. Hernandez*, No. 10-20055-01-JWL, 2016 WL 4541446, at *1 (D. Kan. Aug. 31, 2016) (denying *Johnson* based claim because the defendant "was sentenced pursuant to the parties' Rule 11(c)(1)(C) agreement, which expressly disavowed reliance on the Guidelines and provided for a lower sentence than the range . . . calculated in the Presentence Investigation Report[]"). Furthermore, defendant's motion was filed approximately five years after judgment was entered and is untimely. *See* 28 U.S.C. § 2255(f). *Johnson* did not clearly invalidate § 924(c)'s residual clause. Instead, *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Because defendant is not entitled to relief, the court denies his request for appointment of counsel.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Nicholas Henry's Motion for Appointment of Counsel (Doc. 61), which the court construes as a motion filed under 28 U.S.C. § 2255, is dismissed.

**IT IS FURTHER ORDERED** that defendant's request for appointment of counsel is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 26th day of April, 2017, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**